UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
------------------------------------------------------------------------X   CASE #: 3:26-CV-000145
PROGRESSIVE CASUALTY INSURANCE COMPANY,

                                 Plaintiff,

    -against-                                                            **COMPLAINT**

KINETIC OF CLIFTON PARK INC.
D/B/A KINETIC TOWING INC.,
ERIC GREENAWAY, TAMEKA BAILEY, and
LEATHERSTOCKING COOPERATIVE INSURANCE
COMPANY,

                                Defendants.
------------------------------------------------------------------------X

       Plaintiff, PROGRESSIVE CASUALTY INSURANCE COMPANY ("Progressive"), by its attorneys, HURWITZ FINE P.C., as and for its COMPLAINT against Defendants, KINETIC OF CLIFTON PARK INC. D/B/A KINETIC TOWING INC., ERIC GREENAWAY, TAMEKA BAILEY, and LEATHERSTOCKING COOPERATIVE INSURANCE COMPANY alleges upon information and belief, unless stated otherwise:

## THE PARTIES

       1.      Plaintiff, Progressive, is a foreign insurance company organized and existing under the laws of the state of Ohio, where it is domiciled, with its principal place of business in the state of Ohio.

       2.      Kinetic of Clifton Park Inc. d/b/a Kinetic Towing Inc. ("Kinetic Towing") was at all relevant times, and still is, a foreign corporation domiciled and incorporated in the state of New York with its principal place of business in Mechanicville, New York.

       3.      Kinetic Towing was at all relevant times, and still is, doing business in the state of Connecticut.

1

4.	Progressive issued the auto insurance policy at issue to Kinetic Towing.

5.	Leatherstocking Cooperative Insurance Company ("Leatherstocking") is a foreign insurance company organized and existing under the laws of the state of New York, where it is domiciled, with its principal place of business in the State of New York.

6.	Leatherstocking provides property and casualty insurance to New York state insureds who Leatherstocking reasonably expects to operate within Connecticut.

7.	Leatherstocking issued a commercial general liability insurance policy to Kinetic Towing.

8.	Eric T. Greenaway was, at all relevant times, and still is, an individual who is a citizen of the state of New York residing in Ballston Lake, New York.

9.	Upon information and belief, at all times pertinent, Eric T. Greenaway was, and still is an employee of Kinetic Towing.

10.	Tameka Bailey was, at all relevant times, and still is, an individual who is a citizen of the state of Connecticut residing in Hartford, Connecticut.

11.	Progressive seeks a judicial declaration that there is no coverage for Kinetic Towing or Greenaway under the Progressive auto insurance policy for the injuries allegedly sustained by Bailey. Progressive has no obligation to defend or indemnify Kinetic Towing or Greenaway in connection with the underlying personal injury action, and Progressive may withdraw from the defense it has been providing Kinetic Towing and Greenaway under a reservation of rights.

12.	Progressive also seeks a declaration that Leatherstocking has a duty to defend and indemnify Greenaway and Kinetic Towing and that Leatherstocking must contribute to the cost of defense in the underlying personal injury action.

13.     Bailey is added as a nominal party against whom Progressive seeks no relief. Bailey is added as a party so that complete relief may be afforded to Progressive.

## JURISDICTION AND VENUE

14.     This Court has diversity jurisdiction under 28 U.S.C §1332 as this matter is between citizens of different states, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

15.     Venue is proper under 28 U.S.C §1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district. Bailey sustained her alleged bodily injuries due to an altercation with Greenaway, as an employee of Kinetic Towing and insured of Leatherstocking in this district, and Bailey commenced the underlying personal injury action in Connecticut Superior Court.

## THE POLICY

16.     Progressive issued a Commercial Auto Policy to Kinetic Towing, Policy no. 987567164 for the policy period from October 2, 2024 to October 2, 2025 (the "Policy").A copy of the Policy is attached hereto as **Exhibit 1**. The policy provides up to $1million in liability coverage. Greenaway is a "rated driver" listed on the policy.

17.     The Policy's insuring agreement provides the following:

**PART I - LIABILITY TO OTHERS**

**INSURING AGREEMENT - LIABILITY TO OTHERS**

Subject to the Limits of Liability, if **you** pay the premium for liability coverage for the **insured auto** involved, **we** will pay damages, other than punitive or exemplary damages, for **bodily injury**, **property damage**, and **covered pollution cost or expense** for which an insured becomes legally responsible because of an **accident** arising out of the ownership, maintenance or use of that **insured auto**. However, **we** will only pay for the

**covered pollution cost or expense** if the same **accident** also caused **bodily injury** or **property damage** to which this insurance applies.

**We** will settle or defend, at **our** option, any claim or lawsuit for damages covered by this Part I. This applies even if the claim or suit is groundless or false. **We** have no duty to settle or defend any lawsuit, or make any additional payments, after the Limit of Liability for this coverage has been exhausted by payment of judgments or settlements.

***

18.     The Policy also contains the following relevant exclusion:

**<u>EXCLUSIONS</u> - PLEASE READ THE FOLLOWING EXCLUSIONS CAREFULLY. IF AN EXCLUSION APPLIES, COVERAGE FOR AN ACCIDENT OR LOSS WILL NOT BE AFFORDED UNDER THIS PART I - LIABILITY TO OTHERS.**

Coverage under this Part I, including **our** duty to defend, does not apply to:

**1. Expected or Intended Injury**

**Bodily injury** or **property damage** either expected by or caused intentionally by or at the direction of any **insured**.

***

<u>**THE UNDERLYING ACTION**</u>

19.     Tameka Bailey commenced an action in Connecticut Superior Court, Judicial District of Hartford styled *Tameka Bailey v. Eric T. Greenaway et al.*, Index No. HHD-CV25-6212177-S (the "Underlying Action"). The complaint in the Underlying Action is attached hereto as **Exhibit 2**.

20.     The Underlying Action alleges that Greenaway was an employee, agent, apparent agent, and/or servant of Kinetic Towing.

21.     The Underlying Action alleges that on or about November 1, 2024, Bailey was operating a motor vehicle on South Main Street, a public highway in East Windsor, Connecticut.

22.     Greenaway was operating a tow truck owned by Kinetic Towing on South Main Street and attempted to merge the tow truck into Bailey's lane of travel. Bailey alleges that she

4

sped up her motor vehicle to avoid being struck by the tow truck and that Greenaway then tailgated Bailey, repeatedly honking at her for an extended period.

23. The Underlying Action alleges that Bailey pulled her vehicle into the Southern Auto Auction at 161 South Main Street, East Windsor, Connecticut to seek help.

24. Greenaway allegedly followed Bailey into the Southern Auto Auction and engaged her in a hostile confrontation.

25. Upon discovering that Bailey was filming the confrontation on her cellular phone, the Underlying Action asserts that Greenaway aggressively ripped the phone from her hand. When Bailey attempted to retrieve her phone from Greenaway, she fell onto the ground, reportedly resulting in serious injuries.

26. Bailey alleges that Greenaway was acting in the course and scope of his employment for Kinetic Towing and in furtherance of Kinetic Towing's business at the time of the incident.

27. The Underlying Action alleges that Bailey's injuries and damages were caused by the negligence and/or carelessness of Greenaway for whose negligence and carelessness Kinetic Towing is also responsible under the doctrine of respondeat superior.

28. The Underlying Action alleges that Greenaway negligently assaulted and battered Bailey, resulting in pain and suffering, mental anxiety, trouble sleeping, fear of complications resulting from her injuries, and loss of enjoyment of life's activities.

29. As a result of Greenaway's negligence, Bailey alleges she requires medical care and has incurred expenses for emergency care, hospital treatment, diagnostic testing, physical therapy, and other treatment, and she will require further surgeries.

30. It is alleged that Kinetic Towing is also responsible for Bailey's loss of earnings and loss of earning capacity.

31. Bailey further alleges that Greenaway's acts were an intentional assault as well as reckless and wanton conduct.

32. By making a conscious choice to engage in a violent confrontation with Bailey, Bailey alleges Greenaway recklessly disregarded Bailey's safety and created an unreasonable risk of injury despite his awareness that his conduct was extremely unsafe and substantially likely to cause serious injury to Bailey.

33. The Underlying Action alleges that Greenaway recklessly and/or with deliberate indifference used excessive force with knowledge the force would cause injury, failed to control his anger and temper, and assaulted and battered Bailey.

34. The Underlying Action also contains a cause of action for intentional infliction of emotional distress. Bailey alleges that Greenaway's conduct was extreme, outrageous, intentional, and humiliated Bailey in front of her young daughter and other witnesses to the altercation.

35. The conduct allegedly involved an unreasonable risk of causing Bailey emotional distress, and Bailey alleges Greenaway knew that his behavior would result in a substantial likelihood of causing and did in fact cause Bailey foreseeable emotional distress.

36. Further, Bailey alleges that Kinetic Towing, through its agents, apparent-agents, servants, and/or employees, was responsible for training Greenaway and monitoring, managing, and/or supervising him.

37. On November 1, 2024, and for some time prior thereto, Kinetic Towing allegedly knew or should have known that Greenaway was unfit, inexperienced, and/or incompetent to safely operate a motor vehicle and/or reasonably interact with other motorists on the motorway.

38. The Underlying Action alleges Kinetic Towing breached its duty to use reasonable care by failing to properly hire, supervise, and/or train Greenaway.

39. In particular, the Underlying Action alleges Kinetic Towing failed to adequately supervise Greenaway although it knew or should have known of his propensity to engage in harmful or dangerous conduct against members of the public.

40. It is further alleged that Kinetic Towing failed to properly train Greenaway to reasonably interact with members of the public even though it knew or should have known that the failure to provide such training would pose a danger to others.

41. Moreover, Kinetic Towing allegedly failed to take reasonable precautions before allowing Greenaway to operate a company vehicle although it knew or should have known of Greenaway's propensity to engage in harmful or dangerous conduct against members of the public.

42. Additionally, Kinetic Towing allegedly failed to monitor the activities conducted and or performed by Greenaway, conduct an adequate and or appropriate and or reasonable background check for Greenaway, implement policies and procedures and or guidelines on how to reasonably interact with members of the public, educate and/or train Greenway on the company's policies and procedures and/or guidelines on how to reasonably interact with members of the public.

43. Greenaway was allegedly hired without contacting references and or prior employers, was not properly screened before hiring, and was hired without obtaining his motor vehicle and criminal records.

44. As a direct result of Kinetic Towing's negligent hiring, training, management, supervision, management, and/or retention of Greenaway, Bailey alleges she suffered severe, debilitating, and permanent injuries.

7

45. The Complaint also contains a cause of action for corporate recklessness as to Kinetic Towing for willfully, wantonly, and with reckless disregard ignoring and/or choosing to turn a blind eye to Greenaway's propensity to engage in harmful or dangerous conduct against members of the public.

46. Kinetic Towing also allegedly failed to fund and implement reasonable and appropriate employee supervision procedures and should have properly monitored and identified employee misconduct and eliminated serious risk of harm to the public.

47. Bailey seeks monetary damages, punitive and exemplary damages pursuant to Connecticut common law, attorneys fees, interest, and costs.

## **PROGRESSIVE'S RESERVATION OF RIGHTS**

48. By correspondence dated October 15, 2025, Progressive issued a Reservation of Rights addressing the allegations in the Underlying Action. A copy of Progressive's Reservation of Rights letter dated October 15, 2025 is attached hereto as **Exhibit 3**.

49. Progressive advised that the alleged altercation between Greenaway and Bailey was not caused by an accident arising out of the ownership, maintenance, or use of an insured auto. The correspondence further advised that the Policy did not provide coverage for punitive or exemplary damages.

50. The Reservation of Rights cited the Policy's exclusions for expected or intended injury due to the allegations that Greenaway intentionally caused bodily and emotional injury to Bailey.

51. Progressive assigned Kinetic Towing and Greenaway a defense in the Underlying Action subject to its Reservation of Rights.

## LEATHERSTOCKING'S DENIAL OF COVERAGE

52. By correspondence dated November 10, 2025, Leatherstocking issued a Denial of Coverage to Kinetic Towing for the allegations in the Underlying Action. A copy of Leatherstocking's November 10, 2025 Denial of Coverage letter is annexed hereto as **Exhibit 4.**

53. Leatherstocking denied coverage because, according to its letter, the Underlying Complaint is asserted against Kinetic Towing, Inc., which is not a named insured under its policy. Instead, the named insured is Kinetic Of Clifton Park Inc. "Since the Summons is against Kinetic Towing Inc, Leatherstocking Insurance will not be responding to answer or defend Kinetic of Clifton Park Inc, nor we will respond for Kinetic Towning Inc., as they are not an insured, as defined under the policy." *Id.*

54. Leatherstocking did not deny coverage on any other basis.

55. Upon information and belief, Leatherstocking undertook no investigation to determine if its insured was incorrectly named in the Underlying Action.

56. Upon information and belief, Leatherstocking undertook no investigation to determine if its insured utilized the d/b/a "Kinetic Towing Inc."

57. A simple search of the U.S. Department of Transportation would have revealed that Kinetic Of Clifton Park Inc., US DOT 1691910, operated under the d/b/a of Kinetic Towing. *See* **Exhibit 5** attached hereto.

58. Leatherstocking has breached its duty to defend Kinetic Towing and Greenaway.

59. Leatherstocking is obligated to reimburse Progressive for all defense costs and expenses incurred in the defense of the Underlying Action.

## AS AND FOR A FIRST CAUSE OF ACTION
## USE, OWNERSHIP, MAINTENANCE OF AUTO – GREENAWAY

60. Progressive repeats, re-alleges, and incorporates by reference each and every allegation contained in Paragraphs "1" through "59" of this Complaint, as if fully set forth herein.

61. Progressive has no obligation to defend or indemnify Greenaway in the Underlying Action because the alleged physical assault on Bailey by Greenaway did not involve an accident arising out of the use, ownership, or maintenance of an insured auto.

62. The Policy only provides coverage for damages, other than punitive or exemplary damages, for bodily injury, property damage, and covered pollution costs or expenses for which an insured becomes legally responsible because of an accident arising out of the ownership, maintenance, or use of that insured auto.

63. The alleged altercation occurred while both Bailey and Greenaway were outside of their vehicles, and Greenaway's acts were independent of the vehicle's use, operation, or maintenance.

64. As the allegations of negligence, intentional acts, and reckless conduct by Greenaway are not due to an accident arising out of the ownership, maintenance, or use of an insured auto, Progressive has no obligation to defend or indemnify Greenaway in the Underlying Action.

## AS AND FOR A SECOND CAUSE OF ACTION
## USE, OWNERSHIP, MAINTENANCE OF AUTO – KINETIC TOWING

65. Progressive repeats, re-alleges, and incorporates by reference each and every allegation contained in Paragraphs "1" through "64" of this Complaint, as if fully set forth herein.

66. Progressive has no obligation to defend or indemnify Kinetic Towing in the Underlying Action because the alleged physical assault on Bailey by Greenaway did not involve an accident arising out of the use, ownership, or maintenance of an insured auto.

67. Also, the claims against Kinetic Towing, which are based on the doctrine of respondeat superior and corporate recklessness, do not fall within the grant of coverage because the Underlying Action does not allege legal responsibility for damages because of an accident arising out of the ownership, maintenance, or use of an insured auto.

68. The Policy only provides coverage for damages, other than punitive or exemplary damages, for bodily injury, property damage, and covered pollution costs or expenses for which an insured becomes legally responsible because of an accident arising out of the ownership, maintenance, or use of that insured auto.

69. The alleged altercation occurred while both Bailey and Greenaway were outside of their vehicles, and Greenaway's acts, and Kinetic Towing's alleged liability were independent of the vehicle's use, operation, or maintenance.

70. As none of the allegations against Kinetic Towing are due to an accident arising out of the ownership, maintenance, or use of an insured auto, Progressive has no obligation to defend or indemnify Kinetic Towing in the Underlying Action.

### AS AND FOR A THIRD CAUSE OF ACTION
### NO BODILY INJURY DUE TO AN ACCIDENT—GREENAWAY

71. Progressive repeats, re-alleges, and incorporates by reference each and every allegation contained in Paragraphs "1" through "70" of this Complaint, as if fully set forth herein.

72. Progressive has no obligation to defend or indemnify Greenaway against allegations of intentional conduct because they do not involve damages for bodily injury caused by an accident.

73. By its definition, an accident is an unplanned and unintentional event.

74. The Underlying Action alleges that Greenaway intentionally assaulted Bailey, aggressively tailgated her, aggressively ripped her phone from her hand, intentionally caused emotional distress, and voluntarily chose to engage Bailey in a violent confrontation.

75. As a result, there is no duty to defend Greenaway against allegations of bodily injury that is not caused by an accident.

### AS AND FOR A FOURTH CAUSE OF ACTION
### NO BODILY INJURY DUE TO AN ACCIDENT—KINETIC TOWING

76. Progressive repeats, re-alleges, and incorporates by reference each and every allegation contained in Paragraphs "1" through "75" of this Complaint, as if fully set forth herein.

77. Progressive has no obligation to defend or indemnify Kinetic Towing against allegations of intentional conduct because they do not involve damages for bodily injury caused by an accident.

78. By its definition, an accident is an unplanned and unintentional event.

79. The allegations of vicarious liability and corporate recklessness against Kinetic Towing are not due to an accident because the Underlying Action alleges that Greenaway intentionally assaulted Bailey, aggressively tailgated her, aggressively ripped her phone from her

hand, intentionally caused emotional distress, and voluntarily chose to engage Bailey in a violent confrontation.

80. As a result, there is no duty to defend Kinetic Towing against allegations of bodily injury that is not caused by an accident.

### AS AND FOR A FIFTH CAUSE OF ACTION
### INTENTIONAL ACTS—GREENAWAY

81. Progressive repeats, re-alleges, and incorporates by reference each and every allegation contained in Paragraphs "1" through "80" of this Complaint, as if fully set forth herein.

82. There is no coverage for bodily injury or property damage that is either expected by or caused intentionally by or at the direction of any insured.

83. There is no coverage for the allegations that Greenaway intended to cause bodily injuries and/or emotional distress to Bailey or that such injuries were expected by Greenaway.

84. Bailey alleges Greenaway intentionally assaulted her and humiliated her and also knew that his behavior would result in a substantial likelihood of causing emotional distress and serious injury to Bailey.

85. Accordingly, there is no coverage for allegations of expected or intended injury.

### AS AND FOR A SIXTH CAUSE OF ACTION
### INTENTIONAL ACTS—KINETIC TOWING

86. Progressive repeats, re-alleges, and incorporates by reference each and every allegation contained in Paragraphs "1" through "85" of this Complaint, as if fully set forth herein.

87. There is no coverage for bodily injury or property damage that is either expected by or caused intentionally by or at the direction of any insured.

88. Bailey alleges Kinetic Towing knew Greenaway was unfit, inexperienced, and/or incompetent to safely operate a motor vehicle and/or reasonably interact with other motorists on the motorway.

89. Further, Kinetic Towing allegedly knew that Greenaway had a propensity to engage in harmful or dangerous conduct, and the Complaint contains a cause of action for corporate recklessness based on the Kinetic Towing willfully, wantonly, and with reckless disregard ignoring and/or choosing to turn a blind eye to Greenaway's propensity to engage in harmful or dangerous conduct against members of the public.

90. To the extent that Greenaway's alleged acts were expected from Kinetic Towing's standpoint, there is also no coverage under the Policy's exclusion for intentional acts.

91. Accordingly, there is no coverage for allegations of expected or intended injury.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
**DAMAGES —GREENAWAY and KINETIC TOWING**

92. Progressive repeats, re-alleges, and incorporates by reference each and every allegation contained in Paragraphs "1" through "91" of this Complaint, as if fully set forth herein.

93. There is no coverage for punitive or exemplary damages under the Policy because they are explicitly excluded from the scope of coverage.

94. There is also no coverage for attorney's fees and costs because they are ordinary incidents of litigation and not damages for bodily injury.

95. Bailey seeks monetary damages, punitive and exemplary damages pursuant to Connecticut common law, attorney's fees, interest, and costs.

96. The Policy's insuring agreement provides coverage for damages for bodily injury other than punitive or exemplary damages.

97. Accordingly, Progressive has no obligation to provide coverage for punitive or exemplary damages or damages that are otherwise not for damages for bodily injury.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
## NO BODILY INJURY—GREENAWAY and KINETIC TOWING

98. Progressive repeats, re-alleges, and incorporates by reference each and every allegation contained in Paragraphs "1" through "97" of this Complaint, as if fully set forth herein.

99. There is no duty to defend or indemnify Greenway or Kinetic Towing for claims in the Underlying Action that do not allege a bodily injury.

100. Bailey's Count Four, alleging intentional infliction of emotion distress, does not allege a bodily injury.

101. Bailey's Count Five, alleging negligent infliction of emotional distress, does not allege a bodily injury.

102. Progressive has no obligation to provide coverage for alleged damages that are not a bodily injury.

## AS AND FOR A NINTH CAUSE OF ACTION AGAINST LEATHERSTOCKING
## EQUITABLE CONTRIBUTION

103. Progressive repeats, re-alleges, and incorporates by reference each and every allegation contained in Paragraphs "1" through "102" of this Complaint, as if fully set forth herein.

104. Progressive is entitled to a declaration that Leatherstocking is obligated to reimburse its share of the defense costs in Kinetic Towing and Greenaway's defense in the Underlying Action.

105. To date, Progressive has solely funded the defense of Kinetic Towing and Greenaway in the Underlying Action.

106. Upon information and belief, Leatherstocking has a duty to defend and indemnify Greenaway and Kinetic Towing under the Leatherstocking commercial general liability policy issued to Kinetic Towing.

107. Leatherstocking must reimburse Progressive based on the principle of equitable contribution.

108. An insurer must provide a defense when the facts and allegations in the complaint create a reasonable possibility of coverage. The duty to defend is broader than the duty to indemnify.

109. Where insurance policies provide coverage for the same interest and against the same risk, concurrent coverage exists, and two or more primary insurers will be held to be coinsurers.

110. Progressive seeks a declaration that Leatherstocking has a duty to defend and indemnify Kinetic Towing and Greenaway in the Underlying Action.

111. Further, Progressive seeks a declaration that Leatherstocking must contribute its share of the defense costs incurred in the defense in the Underlying Action.

**WHEREFORE**, Progressive requests judgment:

(1) Declaring that Progressive has no obligation to defend and/or indemnify Greenaway or Kinetic Towing for the claims asserted in the Underlying Action;

(2) Declaring that Progressive may withdraw from the defense it is currently providing Greenaway and Kinetic Towing under a reservation of rights in the Underlying Action;

(3) Declaring that Leatherstocking's commercial general liability policy obligates to provide defense and indemnity to Kinetic Towing and Greenaway in the Underlying Action;

(4) Declaring that Leatherstocking must reimburse Progressive for its share of defense costs for the Underlying Action that have been paid solely by Progressive to date; and

(5) Granting such other, further, and/or different relief as may be just, equitable and proper, together with the costs and disbursements of this declaratory judgment action.

Dated: January 28, 2026
West Hartford, CT

**HURWITZ FINE P.C.**

By _____
Lee S. Siegel, Esq.
*Attorneys for Plaintiff*
1245 Farmington Avenue, #1198
West Hartford, CT  06107
Tel: (631) 465-0700
Fax: (631) 465-0313
Eservice: **lss@hurwitzfine.com**
Juris Number 407782